In the Matter of the Application of the ATTORNEY-GENERAL OF THE STATE OF NEW YORK *v.* THE NORTH AMERICAN LIFE INSURANCE COMPANY.

Under the provisions of the act of 1869 (Chap. 902, Laws of 1869), in relation to deposits with the superintendent of the insurance department by life insurance companies, for the benefit of registered policies, and providing for the appointment of receivers of insolvent companies, it is the duty of the superintendent, where a receiver of such a company has been appointed, to convert the securities deposited with him into money and pay over the proceeds to the receiver, to be applied by the latter in payment of registered policies and annuities.

In case the fund so realized is not sufficient to pay such claims in full the balance unpaid on each, and that only, is as a general, and unsecured debt, entitled to share in the distribution of the general assets.

(Argued May 31, 1881; decided June 14, 1881.)

APPEALS by certain registered and non-registered policy-holders from order of the General Term of the Supreme Court, in the first judicial department, made February 11, 1881, which affirmed an order of Special Term, declaring the basis upon which the receiver of the North American Insurance Company should declare dividends from what is termed the general fund of said company.

The provision of the Special Term order in question is as follows:

"It is ordered, that in providing for the payment of a dividend from the general fund, the holders of both registered and non-registered policies and annuity bonds are entitled to a share therein, and that in declaring such dividend the holders of registered policies and annuity bonds shall be charged with the amounts they have received or may receive from the special or registered fund, and that their claims shall be reduced accordingly, and a dividend from the general fund shall be paid upon the balance only which shall remain after deducting the said payments received or to be receivedfrom said special fund as aforesaid, and the dividend to holders of the non-registered policies and annuity bonds shall be *pro rata* upon the amount of their claims."

*Raphael J. Moses, Jr.*, for registered policy-holders, appellants. The doctrine of election between two funds can never be applied where the election would be injurious to the creditors forced to make it. (*Jervis* v. *Smith*, 7 Abb. Pr. [N. S.] 217; *Midgeley* v. *Slocomb*, 2 id. 275; *Evertsen* v. *Booth*, 19 Johns. 486; *Aldrich* v. *Cooper*, 2 Lead. Cas. in Eq. 56, and notes; *Mason* v. *Bagg*, 2 Myl. & Cr. 446; *In re Anderson*, 12 B. R. 502; *Hugo* v. *Broich*, 15 id. 11; *William Lloyd*, id. 257; *In re Dow*, 14 id. 307.)

*Lucius McAdam* for policy-holders, appellants. Equitable assets should be distributed among all the creditors, *pro rata*, without giving preferences. (Willard's Equity, 48.) The fund pledged for the payment of the registered policies was the registered fund, and that alone. The general fund did not enter into the contemplation of the parties and was not relied upon. (Laws of 1868, chap. 623; *Hort's Case*, 5 Big. L. & Acc. 715.) In equity, any fund should bear the expense of its own distribution. (2 Daniels' Ch. Pr. 1411 *et seq.*; 2 R. S. [Edmunds'] 47, § 29.)

*Wm. D. Whiting* for various registered policy-holders, appellants. The registered fund is a primary fund for the registered policy-holders, in the sense that no one else has any interest in it until their claims have been satisfied. After that, for any balance due they have the same rights as to the general fund of the company as any other policy-holder. (*Jervis* v. *Smith*, 7 Abb. Pr. [N. S.] 217; *Midgeley* v. *Slocomb*, 2 id. 275.)

*William Barnes* for policy-holders, respondents. The decision at Special Term, giving the registered policy-holders a *pro rata* claim for their unpaid balance in the general assets, is not only just and equitable, but in accordance with the spirit and intent of chapter 902 of the Laws of 1869. (*Gadsden* v. *Carsen*, 9 Richardson's Eq. [S. C.] 252; *Wilson* v. *McConnell*, id. 500.)

*R. W. Peckham* for receiver, respondent. It was proper for the receiver to apply to the court for instructions. (*In re Security L. Ins. Co.,* 79 N. Y. 267.) The order was right, and is not to be reviewed upon any general view of the rights of a creditor of an insolvent who has two funds, to either of which he can at pleasure resort for the payment of his debt. (*Jarvis* v. *Smith,* 7 Abb. Pr. [N. S.] 217; *Midgeley* v. *Slocomb,* 2 Abb. [N. S.] 275; *Amory* v. *Francis,* 16 Mass. 308; *Farnum* v. *Boutelle,* 13 Metc. 159; *Evertsen* v. *Booth,* 19 Johns. 485; *Cheesebrough* v. *Millard,* 1 Johns. Ch. 409, 413; *Brinkerhoff* v. *Marvin,* 5 id. 321, 328.)

FINCH, J. The distribution of the special fund deposited for the benefit of registered policies is to be controlled by the statute rather than any general rules of equity. The latter may help our judgment, but cannot displace the terms of an express trust, or of a specific enactment. The issue, protection and ultimate payment of registered policies is regulated by statute. (Laws of 1869, chap. 902.) It dictates the proceedings in cases of insolvency, and defines very clearly the duty of the superintendent and the receiver. The former is required to convert the securities deposited into money, and pay over the proceeds to the latter, who is thereupon to apply such proceeds to the payment of registered policies and annuities in proportion to their net value. The statute further provides that any surplus remaining, if any there be, "with all the other assets of the said company, shall be *then* applied to the payment of all the just debts of said company." The purpose of this provision is quite plain. The deposit, converted into money by the superintendent, and paid over to the receiver, is to be first applied by the latter " to the payment " of the registered policy-holders and annuitants. That application extinguishes in whole, or in part, the claims of the latter. If, as in the present case, the special fund does not yield enough to pay in full, the balance unpaid, and that only, remains as a debt against the company. The policy is the latter's contract and covenant, none the less so because specially protected and secured; and, after the ex-

haustion of the special deposit, the balance remaining is a general and unsecured debt as yet undischarged. The special deposit having been exhausted, and the balance of debt ascertained, it is provided for by the final provision that the remaining assets are then " to be applied to the payment of the just debts of the company." Such balance becomes one of those " just debts," and to its amount, and upon that basis, is entitled to share in the distribution of the general assets.

The principle which guided the distribution of the $100,000 deposited with the superintendent of insurance, as a prerequisite for doing business, was settled by the General Term, and acquiesced in without an appeal to this court. It cannot serve as a precedent to control our conclusion. Nor is there any thing in our previous ruling in this case * which contravenes our present determination. The question now here was not then raised or argued, and we cannot see that it was even incidentally involved. The two points to which our attention is directed related to entirely different questions. In one of them, the inquiry was as to the relative rights of registered policies among themselves where some had matured by the death of the insured. In the other, unregistered policies which had been taken in exchange for registered policies were shut out from a share of the registered fund, and we did not find it necessary to pass upon the preference given them in the general fund.

The question of expenses, and how they should be borne, was not raised or considered below, and, therefore, furnishes nothing for us to review.

We think the case was properly decided, and the order of the General Term should, therefore, be affirmed, with costs to the receiver to be paid by the appellants.

All concur, except FOLGER, Ch. J., absent.

Order affirmed.

---

* See 82 N. Y. 172.